### In re WOODRUFF.
### No. 34521–J.

District Court, S. D. California, Central Division.

Nov. 15, 1939.

Rupert B. Turnbull and Leonard J. Meyberg, both of Los Angeles, Cal., for E. A. Lynch.

Francis B. Cobb, of Los Angeles, Cal., for P. M. Jackson.

COSGRAVE, District Judge.

Leonard J. Woodruff was adjudicated a bankrupt on his voluntary petition therefor in the Eastern District of Oklahoma on July 8, 1939, and P. M. Jackson since has been appointed trustee of the bankrupt estate. On July 13, 1939, an involuntary petition seeking the adjudication of Leonard J. Woodruff as a bankrupt was filed in the Southern District of California. On petition setting up legal necessity therefor, E. A. Lynch was appointed receiver under the involuntary petition by the California court, and authorized to employ counsel. A considerable amount of real, as well as personal property, the latter being an extensive store for the sale and rental of antiques, was located in California, and the receiver was authorized to operate this business.

On October 16, 1939, the court in Oklahoma, acting under General Order in Bankruptcy No. 6, 11 U.S.C.A. following section 53, after application therefor and hearing on such application, found the Eastern District of Oklahoma to be the domicile of the bankrupt during the required period, and also found it to be the principal place of business of the bankrupt, and because of these and other entirely sufficient reasons, that court found that it is the court which can proceed with the administration of the bankrupt's estate with the greatest convenience to the parties interested. The court then by its decree adjudged accordingly, and by its order transferred the case pending in the Southern District of California to the Eastern District of Oklahoma, and consolidated it with the case pending in the last named district.

Mr. Lynch, the receiver in California, does not question the effectiveness of the decision of the Oklahoma court, since it was the first to acquire jurisdiction, but he insists that this court must settle his account as receiver before the case is transferred. Immediately after the filing in the office of the Clerk of this court of a certified copy of the decree of the Oklahoma court, Mr. Lynch procured an ex parte order delaying the execution of the decree of the Oklahoma court until his said account is settled. Mr. Jackson, trustee in the Oklahoma proceeding, now moves this court to set aside its order staying the transfer of the case, and instead to order such transfer forthwith. The question presented, therefore, is whether this court has jurisdiction and duty to settle the account of the California receiver before the case is transferred to the Eastern District of Oklahoma.

The involuntary petition filed in California alleges that the residence, domicile, and principal place of business of the bankrupt is in this district. The Oklahoma court finds that the domicile and principal place of business of the bankrupt is in the Eastern District of Oklahoma.

It is plain that the California court is not without jurisdiction in the premises. The District Court may: "Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their [the court's] respective territorial jurisdictions for the preceding six months." Bankruptcy Act § 2, sub. a(1), 11 U.S.C.A. § 11, sub. a(1). In fact, the order of the Oklahoma court presumes this to be the case, for that order is based on General Order No. 6: "If two or more petitions are filed by or against the same person * * * in different courts, *each of which has jurisdiction,* * * * etc.," which General Order is itself based on Section 32 of the Bankruptcy Act, 11 U.S.C. § 55, 11 U.S.C.A. § 55: "In the event petitions are filed by or against the same person * * * in different courts of bankruptcy *each of which has jurisdiction,* the case shall, by order of the court first acquiring jurisdiction, be transferred to and consolidated in the court which can proceed with the same for the greatest convenience of parties in interest."

It was a matter of uncertainty at the time that the involuntary petition was filed in California in which jurisdiction the administration of the estate finally would be had.

It is true that the California proceeding is not ancillary to that in Oklahoma. (Bankruptcy Act § 2, sub. a(20), § 69, sub. c, 11 U.S.C.A. § 11, sub. a(20), § 109, sub. c; General Order 51, 11 U.S.C.A. following section 53), within the meaning of the Bankruptcy Act.

The action here invoked by the California receiver is not in the administration of the bankrupt estate as such. It must be as-

sumed that on the showing made in his petition this court exercised a sound discretion in the appointment of a receiver. Plainly, it was a part of prudence to insure the property and keep it intact. A duty is. imposed on every court, having property in its possession, to preserve the same and ·to control and to compensate its own officers in the performance of their duties with respect to such property.

The motion of Mr. Jackson must be denied, and it ·is so ordered. Let the account of Mr. Lynch be set for hearing at the earliest convenient date.